## SPALDING v SPALDING

Ohio Appeals, 2nd Dist, Montgomery Co

No 1105.   Decided Jan 5, 1932

W. S. Rhotenhamel, Dayton, for plaintiff in error.

Shank & List, Dayton, for defendant in error.

is clearly settled by **The Knox County Bank v Doty, 9 Oh St, 506; Niles v Parks, 49 Oh St, 370; Bank v Smith, 102 Oh St, 120;** and **Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St, 188.** We do not doubt that where the trial court exercises its discretion during the trial term that the evidence in this case was sufficient to justify the court in opening up the judgment. **Love v Love, 17 Oh Ap 228. Kornick v Hahn, Admr., 11 Oh Ap, 388.** The chief complaint of counsel for plaintiff in error is as to whether such action of the trial court can be had after the expiration of the judgment term upon a motion filed during the judgment term. We think there is no doubt of the jurisdiction of the trial court to entertain such jurisdiction where there has been a continuance of the motion at the trial term. This is distinctly decided in The Knox County Bank v Doty, supra, and the holding in this case has been followed in the case of Niles v Parks, supra.

Was the motion filed November 20, 1930, duly continued? There is no showing either in the record or bill of exceptions as to the continuance of this motion. We reach the conclusion that a presumption exists that the continuance was made and that the motion stood for hearing at the succeeding term. Independent of the presumption we reach the conclusion that the case properly stood for hearing at the succeeding term of court. Chandler v Southern Pacific Co. 188.

Counsel for the plaintiff calls our attention to the case of Bank v Smith, supra, wherein it is held that a court of general jurisdiction has power over the judgments during the judgment term. The opinion in this case cites The Knox County Bank v Doty case and Niles v Parks. It must have been within the contemplation of the court in the case of Bank v Smith that the rule announced should be extended so as to authorize a court to exercise its discretion over its judgments where a motion to that effect has been filed during the judgment term and continued over and heard at a subsequent time.

Our conclusion therefore is that the judgment of the Court of Domestic Relations, setting aside the decree of divorce and alimony, etc., was within its jurisdiction and was proper.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.

ALLREAD, PJ.

The motion filed on November 20, 1930, was not heard until the following term. It is clearly settled that the jurisdiction of the court over its judgment entries is subject to revision during the judgment term and no actual notice is required of the motion filed for that purpose to opposite counsel. This